1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| GLENN S. MARTINEZ CASTRO, | Case No. EDCV 16-282-BRO (KK) |
| Petitioner, | |
| v. | FINAL REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| RAYMOND MADDEN, et al., | |
| Respondent. | |

10
11
12
13
14
15
16

17    This Final Report and Recommendation is submitted to United States

18  District Judge Beverly Reid O'Connell, pursuant to Title 28 of the United States

19  Code, section 636 and General Order 05-07 of the United States District Court for

20  the Central District of California.

21                                              **I.**

22                          **SUMMARY OF RECOMMENDATION**

23    Petitioner Glenn S. Martinez Castro ("Petitioner") has filed a First

24  Amended Petition ("FAP") for Writ of Habeas Corpus by a Person in State

25  Custody under Title 28 of the United States Code, section 2254 ("Section 2254").

26  Respondent Raymond Madden ("Respondent") has filed a Motion to Dismiss

27  ("Motion") the FAP.  As discussed below, the Court recommends granting the

28  Motion and dismissing this action with prejudice as untimely.

## II.

## PROCEDURAL BACKGROUND

**A.    STATE COURT PROCEEDINGS**

On August 27, 2012, Petitioner pled guilty to: (1) two counts of robbery within the meaning of California Penal Code section 211; and (2) enhancements for personally using a firearm during the commission of the robberies, participating in a criminal street gang, and serving a prior prison or jail term within the meaning of California Penal Code sections 12022.53(b), 186.22(b)(1)(A), and 667.5(b) in the Riverside County Superior Court. Lodged Document[1] No. ("Lodg.") 1 at 5. Petitioner was sentenced to a term of twenty-four years in prison. Id. at 8. Petitioner did not appeal his conviction in the California Court of Appeal or California Supreme Court.

On May 10, 2015, Petitioner constructively filed[2] his first state habeas petition in the Riverside County Superior Court. Lodg. 2. On May 26, 2015, the Riverside County Superior Court denied the petition. Lodg. 3.

---

[1]    The Court's citations to Lodged Documents refer to documents Respondent lodged in support of his Motion. See ECF Docket No. ("Dkt.") 11. Respondent numbered the documents as follows:

1. Riverside County Superior Court documents, case RIF1202109;
2. Petition for writ of habeas corpus, Riverside County Superior Court, case RIC1505777;
3. Order denying petition for writ of habeas corpus, Riverside County Superior Court, case RIC1505777;
4. Petition for writ of habeas corpus, California Court of Appeal, Fourth Appellate District, Division Two, case E064056;
5. Order denying petition for writ of habeas corpus, California Court of Appeal, Fourth Appellate District, Division Two, case E064056;
6. Petition for writ of habeas corpus, California Supreme Court, case S229968;
7. Order denying petition for writ of habeas corpus, California Supreme Court, case S229968.

[2]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). This Court presumes Petitioner gave his petition to prison authorities on the date it was signed.

1    On July 16, 2015, Petitioner constructively filed his second state habeas

2 petition in the California Court of Appeal.  Lodg. 4.  On August 4, 2015, the

3 California Court of Appeal denied the petition.  Lodg. 5.

4    On October 8, 2015, Petitioner constructively filed his third state habeas

5 petition in the California Supreme Court.  Lodg. 6.  On January 20, 2016, the

6 California Supreme Court denied the petition.  Lodg. 7.

7 **B.    FEDERAL HABEAS PROCEEDINGS**

8    On February 11, 2016, Petitioner constructively filed a Petition ("Petition")

9 under Section 2254 in this Court.  Dkt. 1, Pet.  Petitioner purported to challenge his

10 2012 conviction and sentence by asserting, "the court abused its discretion for

11 imposing an illegal gang enhancement."  Id. at 5.

12    On February 24, 2016, Petitioner constructively filed the instant FAP.  Dkt.

13 7, FAP.  Petitioner challenges his 2012 conviction and sentence based upon "Trial

14 court error: the court abused its discretion for imposing an illegal gang

15 enhancement."  E.g., id. at 8.

16    On April 8, 2016, Respondent filed the instant Motion to Dismiss the FAP as

17 untimely.  Dkt. 10, Mot.  Petitioner failed to file an Opposition to the Motion.

18    On June 20, 2016, the Court issued a Report and Recommendation ("R &

19 R") that this action be dismissed as untimely.  Dkt. 16, R & R.  On July 11, 2016,

20 Petitioner filed Objections, asserting his placement in administrative segregation

21 prevented him from researching and "gather[ing] legal rescources" to timely file

22 the Petition.  Dkt. 18, Objs.  The Court addresses Petitioner's Objections below in

23 Section III.C.

24 ///

25 ///

26 ///

27 ///

28 ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>III.</u>

<u>DISCUSSION</u>

A.   **ABSENT APPLICABLE TOLLING, THIS ACTION IS UNTIMELY BY OVER TWO YEARS**

    **(1)   APPLICABLE LAW**

        Petitioner filed this action after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  <u>See</u> Dkt. 1, Pet. Therefore, the requirements for habeas relief set forth in AEDPA apply.  <u>Soto v. Ryan</u>, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." <u>Thompson v. Lea</u>, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  Under the California Rule of Court 8.308(a), the time for appealing a conviction and sentence expires sixty days "after the rendition of the judgment or the making of the order being appealed."  Cal. R. Ct. 8.308(a); <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994).[3]

    **(2)   ANALYSIS**

        Here, Petitioner's felony robbery conviction and sentence became final on October 26, 2012, <u>i.e.</u>, sixty days after he was convicted and sentenced on August 27, 2012.  28 U.S.C. § 2244(d)(1).  AEDPA's one-year limitations period commenced the next day, October 27, 2012, and expired on October 27, 2013.  <u>See</u> <u>id.</u>  However, Petitioner did not constructively file the Petition until February 11, 2016.  <u>See</u> Dkt. 1, Pet.  Therefore, applying Section 2244(d)(1), the Court deems

---

[3]   Petitioner could not gain direct review on certiorari to the United States Supreme Court because he did not properly appeal to California's court of last resort.  <u>See</u> 28 U.S.C. §§ 1257, 2101(d).

the Petition untimely by over two years absent tolling.  See Thompson, 681 F.3d at 1093.

## B.  STATUTORY TOLLING DOES NOT RENDER THIS ACTION TIMELY

### (1)  APPLICABLE LAW

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  However, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

### (2)  ANALYSIS

Here, AEDPA's one-year limitations period commenced on October 27, 2012.  See 28 U.S.C. § 2244(d)(1).  Following the commencement of the limitations period, Petitioner filed subsequent state court actions seeking post-conviction or other collateral review on May 10, 2015, July 16, 2015, and October 8, 2015.  See id. § 2244(d)(2).  However, the limitations period had expired on October 27, 2013, at least a year and a half before Petitioner filed his state habeas petitions.  See id.  Section 2244(d)(2) does not permit reinitiation of the limitations period.  See Ferguson, 321 F.3d at 823.  Therefore, statutory tolling does not render the Petition timely.  See id.

## C.  EQUITABLE TOLLING DOES NOT RENDER THIS ACTION TIMELY

### (1)  APPLICABLE LAW

In addition to the statutory tolling Section 2244(d)(2) provides, the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold

1    necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark,

2    628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks

3    omitted).  A court may grant equitable tolling only where "'extraordinary

4    circumstances' prevented an otherwise diligent petitioner from filing on time."

5    Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a

6    heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions

7    swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal

8    citation and quotation marks omitted).

9        **(2)  ANALYSIS**

10       Here, in his Objections to the original R & R, Petitioner claims his placement

11   in administrative segregation entitles him to equitable tolling.  Dkt. 18, Objs. at 2-7.

12   Petitioner claims he was in administrative segregation from October 26, 2013 to

13   March 4, 2015, which prevented him from researching and "gather[ing] legal

14   resources" to timely file the Petition.  Id. at 2- 3.  However, a petitioner is not

15   entitled to equitable tolling based upon placement in administrative segregation and

16   the resulting limited access to "legal resources." Ramirez v. Yates, 571 F.3d 993,

17   998 (9th Cir. 2009) ("We have little difficulty determing that [Petitioner] is not

18   entitled to equitable tolling . . . simply because he remained in administrative

19   segregation and had limited access to 'the law library [and] copy machine.'").

20   Therefore, Petitioner fails to demonstrate his administrative segregation

21   placement, or limited access to research and legal resources were extraordinary

22   conditions beyond "[o]rdinary prison limitations" that made it impossible for him

23   to file a timely petition.  Id.  As the Ninth Circuit has reasoned, "[g]iven even the

24   most common day-to-day security restrictions in prison, concluding otherwise

25   would permit the exception to swallow the rule . . . ." Id.  Thus, equitable tolling

26   does not render the Petition timely.  See Bills, 628 F.3d at 1097.

27   ///

28   ///

                                          6

## IV.

## __RECOMMENDATION__

IT IS THEREFORE RECOMMENDED that the District Court issue an order: (1) accepting the findings and recommendations in this Final Report; (2) granting the Motion to Dismiss; and (3) entering Judgment denying the First Amended Petition and dismissing this action with prejudice as untimely.

Dated:  July 26, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge